UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*****************************************
Andrea Brooks,                              *
    Plaintiff                              *
                                            *
v.                                          *   Civil No. 17-cv-40049-TSH
                                            *
New Hampshire Family Court, 9th Circuit     *
and William Albert D'Errico, Jr.,           *
    Defendants                             *
                                            *
*****************************************

# MEMORANDUM OF LAW SUPPORTING NEW HAMPSHIRE FAMILY COURT, 9TH CIRCUIT/JUDGE MICHAEL RYAN'S MOTION TO DISMISS

Plaintiff Andrea Brooks, proceeding pro se, has brought this action against the "New Hampshire Family Court 9th Circuit" and/or Michael J. Ryan, a judge of that court, claiming constitutional violations and in child custody proceedings there. Brooks seeks to have this court take jurisdiction over those proceedings in order to issue custody and visitation orders; she also seeks compensatory damages. As fully explained below, Brooks's claims against the Family Court and/or Judge Ryan (the "judicial defendants") should be dismissed in their entirety because (A) this court should abstain from exercising jurisdiction over them under the doctrine announced in Younger v. Harris, 401 U.S. 37 (1971), (B) the plaintiff's claims against the judicial defendants are barred by either Eleventh Amendment immunity or judicial immunity, (C) the judicial defendants are not subject to personal jurisdiction here, (D) the judicial defendants were not properly served, and (E) the complaint fails to state a claim against the judicial defendants upon which relief can be granted.[1]

---

[1] It is unclear from Brooks's complaint whether she intends to name as defendants the Family Court itself, Judge Ryan, or both. This memorandum assumes that Brooks intended to name both the Family Court, and Judge Ryan in his individual capacity, as defendants.

I. **Background**

Brooks and defendant William D'Errico have a minor child together. See Compl. ¶ III.1. Brooks alleges that, in 2015, she "sought relief" from the Family Court as to parenting time with the child. Id. ¶¶ III.3-4. On April 4, 2017, the Family Court held a hearing on a motion for contempt that Brooks had filed. See id. ¶¶ III.7-9. Brooks alleges that she "was not treated fairly by Judge Ryan during [this] hearing." Id. ¶ III.11 (capitalization omitted). Brooks further alleges that, after the hearing, there was an "ex parte communication" between Judge Ryan and counsel for D'Errico. Id. ¶¶ III.18-22. Though Brooks says she "became privy" to this communication upon listening to an audio recording of the hearing, her complaint says nothing about the content of the alleged communication. Id. ¶¶ III.17-18.

According to Brooks, Judge Ryan subsequently canceled a structuring conference that had been scheduled for May 5, 2017, and scheduled a final hearing for that day instead. See id. ¶¶ III.14-16. The final hearing was later rescheduled for May 31, 2017. See id. ¶ 25. Brooks complains that Judge Ryan did this "without mailing temporary orders for parenting time." Id. (capitalization omitted). Brooks asserts that the Family Court "violated [her] right to due process under the 14th Amendment to the [federal] Constitution by cancelling the structuring conference and failing to issue temporary orders regarding parenting time." Id. ¶ 26 (capitalization omitted). Brooks also claims that she "is a member of a protected class and as such [she] is protected from racial discrimination," but does not allege any "discrimination" she has suffered on account of her race, by anyone. Id. ¶ 27.

As noted at the outset, Brooks seeks "[r]emoval" of the Family Court proceedings to this court. Id. ¶ IV.1. She also seeks to have this court award her joint legal and physical custody of the minor child, as well as to order a visitation schedule. See id. ¶¶ IV.2-4. Brooks further seeks

"reimbursement of all court filing fees" she has incurred both in this court and in the Family Court, as well as compensatory damages against the Family Court itself.  Id. ¶¶IV.5-7.

**II.     Argument**

        A.     <u>This court should abstain from exercising jurisdiction</u>

<u>Younger v. Harris</u>, <u>supra</u>,"and its progeny espouse a strong federal policy against federal-court interference with state judicial proceedings absent extraordinary circumstances." <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982). <u>Younger</u> abstention is therefore "appropriate when the requested relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal [claim]."  <u>Rossi v. Gemma</u>, 489 F.3d 26, 34 (1st Cir. 2007); <u>see also</u>, <u>e.g.</u>, <u>Brooks v. N.H. Sup. Ct.</u>, 80 F.3d 633, 638 (1st Cir. 1996) (citing <u>Middlesex County</u>, 457 U.S. at 432).

All of these elements are present here.  First, there is no question that the relief that Brooks seeks—which includes assuming jurisdiction over the Family Court proceedings and issuing custody and visitation orders—would interfere with those ongoing proceedings, in which a final hearing has yet to take place.  <u>See</u>, <u>e.g.</u>, <u>Rio Grande Cmty. Health Ctr., Inc. v. Rullan</u>, 397 F.3d 56, 70 (1st Cir. 2005) (explaining that a federal-court proceeding "interferes" with a state-court proceeding for Younger purposes when it "either enjoins the state proceeding or has the 'practical effect' of doing so").  Second, child custody proceedings, such as those underway in the Family Court, implicate important state interests so as to support federal abstention.  <u>See</u> <u>Malachowksi v. City of Keene</u>, 787 F.2d 704, 708 (1st Cir. 1986) (citing <u>Moore v. Sims</u>, 442 U.S. 415 (1979)).  Third, New Hampshire child custody proceedings provide the litigants with an opportunity to raise federal constitutional claims, as the court of appeals has recognized.  <u>See</u> <u>id.</u>

at 708-09; see also Brooks, 80 F.3d at 639 (rejecting the argument that New Hampshire state courts are not an adequate forum to litigate federal constitutional issues). Accordingly, this court should abstain from exercising jurisdiction over Brooks's claims against the judicial defendants, and dismiss them from this action.

        B.      <u>Brooks's claims are barred by the Eleventh Amendment and/or judicial immunity</u>

In the alternative, Brooks's claims against the judicial defendants should be dismissed because they are barred by the Eleventh Amendment (insofar as they are brought against the Family Court) or judicial immunity (insofar as they are brought against Judge Ryan). The Eleventh Amendment insulates the states from private lawsuits against them in federal court. See Alden v. Maine, 527 U.S. 706, 729-30 (1999). "An administrative arm of the state is treated as the state itself for the purposes of the Eleventh Amendment and thus it shares the same immunity." Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 477 (1st Cir. 2009). Because the Family Court exists as a division of the New Hampshire state circuit court system, see N.H. Rev. Stat. Ann. §§ 490:F-2, F-3, it is an arm of the state protected from private suit in federal court by the Eleventh Amendment, see Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002).

Insofar as Brooks intends to bring her claims not against the Family Court, but against Judge Ryan, her claims are barred by judicial immunity. The Supreme Court held long ago that "'judges of courts of superior general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" Stump v. Sparkman, 435 U.S. 349, 355-556 (1979) (quoting Bradley v. Fisher, 80 U.S. 335, 351 (1871)). This principle is fatal to Brooks's claims, all of which arise out of Judge Ryan's judicial acts in conducting the Family Court proceedings. Because Brooks's

4

claims against the Family Court and/or Judge Ryan are barred by the Eleventh Amendment and/or judicial immunity, they should be dismissed in their entirety.

      C.      <u>The judicial defendants are not subject to personal jurisdiction here</u>

Even putting the fatal problems of abstention and immunity aside, Brooks's claims against the judicial defendants should be dismissed because neither the Family Court nor Judge Ryan is subject to personal jurisdiction in this court. To exercise personal jurisdiction over the judicial defendants in Massachusetts, either the Family Court itself or Judge Ryan would have to have "sufficient minimum contacts with the state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" <u>Adelson v. Hananel</u>, 510 F.3d 43, 49 (1st Cir. 2007) (quoting <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)) (further internal quotation marks omitted). Brooks has the burden of establishing personal jurisdiction over the judicial defendants. <u>See</u>, <u>e.g.</u>, <u>Hannon v. Beard</u>, 524 F.3d 275, 279 (1st Cir. 2008). Yet she fails to allege any contacts—to any degree—between either the Family Court or Judge Ryan and Massachusetts. On the contrary, Brooks alleges that, though she resides in Massachusetts, she elected to seek relief in the Family Court in New Hampshire, and she complains solely about how the Family Court has handled those proceedings, which have taken place in New Hampshire. Under these circumstances, there is simply no basis for this court to exercise personal jurisdiction over the judicial defendants in Massachusetts. <u>See</u>, <u>e.g.</u>, <u>Issaschar v. Friends of the Isr. Ass'n for Child Prot., Inc.</u>, No. 13-2415, 2014 U.S. Dist. LEXIS 23411, at *10-*11 (E.D. Pa. Feb. 24, 2014) (dismissing, for lack of personal jurisdiction, claims against judges arising out of their actions in another jurisdiction).

D.  <u>The judicial defendants were not properly served</u>

Brooks's claims against the judicial defendants should also be dismissed for the independent reason that neither of them was properly served with process in this action. As already discussed, the Family Court is a state-created governmental organization; as such, it must be served under Rule 4(j)(2) of the Federal Rules of Civil Procedure. That rule authorizes service upon such an organization by (A) "delivering a copy of the summons and of the complaint to its chief executive officer" or (B) "serving a copy of each in the manner prescribed by that state's law." Fed. R. Civ. P. 4(j)(2). Yet Brooks has filed a return of service (document no. 6) indicating that the Family Court was served by certified mail at its street address. That does not equate with "deliver[y]" upon the Family Court's chief executive officer. <u>See</u> <u>Norlock v. Garland</u>, 768 F.2d 654, 656 (5th Cir. 1985) (ruling that government agencies could be served by mail under former version of Rule 4(j)(2)). Nor does New Hampshire law allow service of a state agency by mail. <u>See</u> 4 Gordon J. MacDonald, <u>Wiebusch on New Hampshire Civil Practice</u> § 10.22, at 10-14 (3d ed. 2010). It follows that the Family Court was not properly served under Rule 4(j)(2). And insofar as Judge Ryan is an intended defendant here, Brooks has failed to offer any proof that he was served at all. Because the judicial defendants were not properly served, the claims against them should be dismissed in their entirety.

E.  <u>The complaint fails to state a claim against the judicial defendants</u>

Finally, the claims against the judicial defendants should be dismissed in their entirety because the complaint fails to state a plausible claim for relief against them for either violations of Brooks's right to due process or "racial discrimination." Compl. ¶¶ III.26-27. "To plead that the state violated his constitutional right to procedural due process, [a plaintiff] must allege facts which, if true, establish that he (1) he had a property interest of constitutional magnitude and

6

(2) was deprived of that interest without due process of law." Miller v. Town of Wenham, 833 F.3d 46, 52 (1st Cir. 2016) (quotation marks and bracketing by the court omitted). Even assuming that Brooks has sufficiently alleged a property interest of constitutional magnitude, she fails to allege that she has been deprived of any such interest without due process through the complained-of Family Court procedures she describes in her complaint. Although Brooks suggests that Judge Ryan violated applicable court rules by cancelling the structuring conference and failing to issue temporary orders for parenting time when he scheduled the final hearing, it is well-settled that "mere violations of state law do not, of course, create constitutional claims." Roy v. City of Augusta, 712 F.2d 1517, 1522-23 (1st Cir. 1983). Moreover, to the extent any errors (constitutional or otherwise) have occurred in the Family Court proceedings, Brooks has the opportunity to remedy them by appealing the Family Court's final decision to the New Hampshire Supreme Court. See N.H. Fam. Ct. R. 1.31. This opportunity for further judicial review is itself fatal to Brooks's federal due process claim.[2] See Rumford Pharm,, Inc. v. City of E. Providence, 970 F.2d 996, 999 (1st Cir. 1992).

Brooks has likewise failed to state a plausible "racial discrimination" claim. Though she invokes the Civil Rights Act of 1964, that Act does not authorize attacks on state court rulings based on allegations that they were the product of racial discrimination. See, e.g., Arecibo Radio Corp. v. Puerto Rico, 825 F.2d 589, 592 & n.9 (1st Cir. 1987) (citing cases). In any event, Brooks fails even to assert—let alone allege facts supporting a plausible inference—that any of the rulings of which she complains was, in fact, based on "racial discrimination." She merely asserts that she "is protected from racial discrimination," without explaining how any of the

---

[2] Brooks's due process claim against the Family Court—or any other constitutional claim she intends to bring against the Family Court under 42 U.S.C. § 1983—also fails for the independent reason that the Family Court is not a "person" subject to suit under that statute. See Brown, 291 F.3d at 92.

judicial defendants' actions have subjected her to it.  Compl. ¶ III.27.  Brooks's complaint fails to state a plausible claim for relief against the judicial defendants on any perceptible theory.  The claims against them should be dismissed in their entirety.

### III.     Conclusion

For each of the foregoing reasons, Brooks's claims against the judicial defendants should be dismissed in their entirety.

Respectfully submitted,

NEW HAMPSHIRE FAMILY COURT, 9TH CIRCUIT/JUDGE MICHAEL J. RYAN

By their attorney,

GORDON J. MACDONALD
ATTORNEY GENERAL

May 23, 2017                    /s/ Kenneth A. Sansone
                                Kenneth A. Sansone
                                BBO No. 647457
                                Department of Justice
                                33 Capitol Street
                                Concord, New Hampshire 03301-6397
                                Telephone:  (603) 271-3650
                                Email:  kenneth.sansone@doj.nh.gov

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed this 23rd day of May 2017, postage prepaid, to:

> Andrea Brooks
> 96 Old County Road
> Winchendon, Massachusetts 01475

                                /s/ Kenneth A. Sansone
                                Kenneth A. Sansone
                                BBO No. 647457