UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE
2017 JUL 25 P 2: 31
U.S. DISTRICT
DISTRICT...

*************************************

| | |
|---|---|
| Andrea Brooks, * | |
| Plaintiff * | |
| * | |
| v. * | Civil No. 17-cv-40049-TSH |
| * | |
| New Hampshire Family Court, 9th Circuit * | |
| And William Albert D'Errico, Jr., * | |
| Defendants * | |
| * | |

*************************************

## ANDREA BROOKS PLAINTIFF'S
## MOTION FOR CHANGE OF VENUE

May 1, 2017 Judge Michael J. Ryan recused himself from PLAINTIFF's case (657-2016-DM-0291) and the case was assigned to Judge Julie Introcaso. A hearing was held May 31, 2017

In the June 1, 2017 order Judge Introcaso wrote "mother must prove by clear and convincing evidence that the child's environment is detrimental to the child" PLAINTIFF feels strongly that the child's relationship with both parents is important and one parent should not have to do something wrong for the other parent to have equal time with their child.

Judge Introcaso was unable to change custody because of New Hampshire statute RSA 461-A:1,I(c) which states that it must be proven that the child's present environment is detrimental to the child… PLAINTIFF feels that this New Hampshire statute infringes on the parental rights of noncustodial parents.
The original order in this case was out of Massachusetts family court with different guidelines.

The original order out of Massachusetts gave custody to child's father, DEFENDANT, only by default. In 2013 PLAINTIFF agreed to negotiate a parenting schedule with DEFENDANT outside of court. PLAINTIFF had continuous parenting time with the child from 2013 to 2015 including overnight parenting time.

In 2015 PLAINTIFF refused to allow her then twelve year old daughter sleep over DEFENDANT's house and in retaliation DEFENDANT stopped allowing PLAINTIFF to have

overnight parenting time with their minor child WAD. PLAINTIFF sought relief from the New Hampshire Family Court in 2015 and PLAINTIFF was denied financial aid. PLAINTIFF believes she should have qualified for financial assistance because the fee was $252, PLAINTIFF was unemployed and PLAINTIFF had custody of her minor daughter. PLAINTIFF has suffered unfair treatment from New Hampshire Family court for two years and is seeking relief from this Honorable Court.

**WHEREFORE**, the Petitioner respectfully requests that this Honorable Court

A. Move to Federal Court, New Hampshire Family Court case 657-2016-DM-291 (originally Massachusetts Family Court case 10W1723)

Respectfully Submitted,

*Andrea Brooks* (pro se)

July 25 2017