UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Andrea Brooks,                              \*
    Plaintiff                         \*
                                      \*
    v.                                \*    Civil No. 17-cv-40049-TSH
                                      \*
New Hampshire Family Court, 9th Circuit     \*
And William Albert D'Errico, Jr.,           \*
    Defendants                        \*
                                      \*

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM OF LAW
## PLAINTIFF'S MOTION
## FOR PRO SE RIGHTS

Pro Se pleadings are to be construed liberally and expansively, affording them all opportunity in obtaining substance of justice, over technicality of form.

    *Maty v. Grasselli Chemical Co.*, 303 US 197 (1983);
    *Picking v. Pennsylvania Railroad Co.*, 151 F.2d 240 (3rd Cir. 1945);
    *Jenkins v. McKeithen*, 395 US 411, 421 (1959);
    *Haines v. Kerner*, 404 US 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972);
    *Cruz v. Beto*, 405 US 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972);
    *Puckett v. Cox*, 456 F. 2d 233 (6th Cir. 1972);

If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax or sentence construction, or a litigant's unfamiliarity with particular rule requirements.

    *Boag v. MacDougall*, 454 US 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982);
    *Estelle v. Gamble*, 492 US 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976);
    Quoting *Conley v. Gibson*, 355 US 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957);
    *Haines v. Kerne*, 404 US 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972);
    *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3rd Cir. 1996);
    *United States v. Day*, 969 F.2d 39, 42, (3rd Cir. 1992);
    *Then v. I.N.S.*, 58 F.Supp.2d 422, 429 (D.N.J. 1999);

When interpreting pro se papers, this Court is required to use its own common sense to determine what relief that party either desires, or is otherwise entitled to .

    *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992);

*United States v. Miller*, 197 F.3d 644, 648 (3rd Cir. 1999) (court has special obligation to construe pro se litigant's pleadings liberally);

*Poling v. K. Hovnanian Enterprises*, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000)

Respectfully Submitted,

Andrea Brooks (pro se)

July 25 2017